# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-661 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL MOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

For the reasons that follow, this case will be dismissed, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915, as frivolous and for failing to state a claim on which relief may be granted. Accordingly, the Court will deny Plaintiff's Motion for a Preliminary Injunction (Doc. 4) and vacate the Clerk's Entry of Default (Doc. 12).

## I. MEMORANDUM

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or that cannot or should not proceed on the merits. 28 U.S.C. § 1915(e)(2)(B); Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. Nov. 8, 2012) (citations omitted); see Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action that is totally without merit.").

After having been granted IFP, (Doc. 2), Plaintiff filed his Complaint and a Motion for Temporary Restraining Order/Preliminary Injunction on May 25, 2016. (Docs. 3 and 4). The Court reviewed the Complaint and Motions to determine whether emergency relief in the form of a temporary restraining order was warranted and determined that Plaintiff had not met the requirements of Federal Rule of Civil Procedure 65(b) and that it would treat the Motion as one for Preliminary Injunction. (Doc. 5.) The Court directed Plaintiff to serve Defendants. Plaintiff moved for service by the U.S. Marshal which was effectuated on August 16, 2016. (Docs. 6-10). Defendants did not appear, answer or otherwise respond to the Complaint. On September 23, 2016, Plaintiff requested entry of Default. (Doc. 11). On October 18, 2016 the Clerk of Court's Entered Default as to Defendants Michael Moore and the Moore Consulting Group. (Doc. 12.) That Plaintiff requested default which was subsequently entered, (see Docs. 11 and 12), is immaterial to the IFP screening analysis. 28 U.S.C. § 1915(e)(2) ("The Court shall dismiss the case *at any time* if the court determines that … the action fails to state a claim on which relief may be grated.") (emphasis added).

Plaintiff asserts he is bringing a shareholder derivative lawsuit pursuant to Federal Rule of Civil Procedure 23.1. (Compl., Doc. 3 at 1.) He alleges he and non-party Jeffrey Duke are the only members of CMB2, LLC ("CMB2"), a limited liability corporation formed in the state of Maryland. (Id. at 2.) According to the Complaint, on March 25, 2014, CMB2, "subject to an asset purchase agreement," purchased the assets of Expression Tributes, Inc., ("ETI") and Universal Technologies, Inc., ("UTI"), Pennsylvania corporations engaged in the business of funeral home website design and hosting, businesses formerly owned by Defendant Michael Moore. (Id.) Included in the purchased assets were intellectual property, customer lists, the Seller's office fileserver and the Seller's customer files. (Id.)

Plaintiff alleges that Defendant Moore "intentionally began a series of unlawful acts which interfered and harmed CMB2." (Id.) Specifically, he argues Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by unlawfully accessing computers in the possession of CMB2 with the intent to cause damage and steal information ultimately resulting in the erasure of a number of client websites (id. at ¶ 1); Defendants violated the Trade Secrets Act, 18 U.S.C. § 1832 by "using, copying, and retaining the customer list assets owned by CMB2" (id. at ¶ 2); and Defendants engaged in conversion or civil theft by knowingly stealing monies from CMB2. (Id. at ¶ 3).

Plaintiff's attempt to bring a *pro se* shareholder's derivative suit is impermissible. Just as a business entity cannot represent itself in court, Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966), neither may a shareholder acting on behalf of a corporate entity. See Phillips v. Tobin, 548 F.2d 408, 411-15 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."); Business Watchdog v. ITEX Corp., 2014 WL 5525718, at *1 (S.D.N.Y. Oct. 29, 2014); Tang v. Vaxin, Inc., 2016 WL 892757, at *13 (N.D.Ala.,Mar. 9, 2016); Brojer v. Kuriakose, No. 11–CV–3156, 2011 WL 3043778, at *3 (E.D.N.Y. July 20, 2011); see also United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir.1993) (finding a shareholder's request to intervene pro se was just a means to avoid the requirement that a corporation be represented by counsel and thus impermissible.); Cramer v. General Telephone & Electronics Corp., 582 F.2d 259, 267 (3d Cir. 1978) ("In a shareholder's derivative suit, the substantive claim belongs to the corporation.")(citing Ross v. Bernhard, 396 U.S. 531, 538-39

(1970)[1]. The Court finds the justification against pro se shareholder's derivative suits even stronger in the context of a closely-held corporation, as Plaintiff's corporation is, where "the distinction between the interests of the corporation as an entity and interests of its shareholders may seem more formal than real." Shareholder Deriv. Actions L. & Prac. § 2:5 (2016-2017).

II. ORDER

For the foregoing reason, Plaintiff's action is DISMISSED WITHOUT PREJUDICE to his refiling after retaining counsel. IT IS FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction (Doc. 4) is DENIED. The Court hereby VACATES the Clerk's Entry of Default (Doc. 12).

IT IS SO ORDERED.

December 29, 2016  s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

JEFFREY COHEN
58021037
PO Box 5000
Bruceton Mills, WV 26525

---

[1] The Court of Appeals for the Third Circuit has never directly addressed this question. However, the Circuit Court did examine whether a court may award attorney's fees to a pro se attorney shareholder-objector. Zucker v. Westinghouse Elec., 374 F.3d 221 (3d Cir. 2004). The Court views the facts at bar sufficiently distinguishable from those examined by the Third Circuit, as Plaintiff here is not a licensed attorney. Moreover, Plaintiff is attempting to institute this shareholder derivative action as opposed to act as a shareholder-objector.